LAMBRECHT *v.* STOEPEL REALTY CO.

1. BROKERS—COMMISSIONS—EVIDENCE.

> In a case involving plaintiff's right to recover real estate commissions, where one of the plaintiffs was asked if at any time an arrangement was made with defendant that they should receive less if they performed a part of the contract than if they performed the entire agreement, and after witness had answered, an objection was interposed by defendant and sustained, but, no motion being made to strike out the answer, it remained in evidence, prejudicial error did not appear.

2. SAME—IMPLIED CONTRACT—VALUE.

> And where brokers had an express agreement for compensation, it was not error to reject testimony as to the value of certain services performed in building on defendant's property, and included by the terms of the express contract.

169 MICH.—6.

Error to Wayne; Murfin, J.   Submitted January 11,
1912.   (Docket No. 44.)   Decided March 12, 1912.

Assumpsit by Richard G. Lambrecht and others against
the Stoepel Realty Company for commissions.   Judgment
for defendant.   Plaintiffs bring error.   Affirmed.

*U. Grant Race* and *Walter S. Haas*, for appellants.

*Charles K. Latham*, for appellee.

MOORE, C. J.   The plaintiffs made sales of real estate
for defendant.   Upon some of the lots plaintiff had con-
structed buildings.   The real estate was sold upon land
contracts.   Plaintiff made collections upon some of these
contracts.   This suit was brought to recover the balance
of commissions plaintiffs claim were due to them.

The questions involved are stated in the appellants'
brief as follows:

"The aggregate amount of the sales on contracts was
$31,200, of which amount the plaintiffs had collected
$7,999.02, leaving a balance of $24,100.98.   The bill of
particulars shows the plaintiffs to have received and col-
lected $2,154.95.   Right here was the only question on
which the parties differ.   The plaintiffs claim the contract
provided for an entire commission of 10 per cent. based on
the selling prices.   The defendant denied this, claiming
that the commission was divisible—5 per cent. for selling
and 5 per cent. for collecting the contracts, looking after
the property, etc.   If plaintiffs' contention was correct,
then the plaintiffs' entire commission was $3,120, leaving
a balance of $965.05 due and unpaid.   If the defendant's
claim was correct, then the plaintiffs were entitled to 5
per cent. of $31,200, or $1,560, plus 5 per cent. of $7,999.02,
the amount collected, or $399.95, or a total of $1,959.95,
so that under the defendant's theory the plaintiffs had
been overpaid $195.   This issue of fact was clearly defined
in the pleadings.   The plaintiffs declared specially on the
contract and also on a *quantum meruit*.   The defendant
pleaded the general issue with notice that the contract
provided for 5 per cent. commission for selling and 5 per
cent. for collecting."

The first assignment of error relates to the ruling of the court during the examination of Mr. Lambrecht. The record shows as follows:

"*Q.* Was it ever stated to you at any time that a division of this contract should be made? That, if you performed only a portion of the contract you were to receive less than the whole price therein stated?
"*A.* No.
"*Mr. Latham:* I object to the question.
"*The Court:* I sustain the objection. (Plaintiffs except.)"

This ruling is said to be error. It will be observed that the question was answered. No motion was made to strike out the answer, and it still remained for the consideration of the jury. The record also shows that Mr. Lambrecht testified in detail as to the contract which was made. We do not think what occurred was reversible error.

Complaint is made because the witness was not allowed to testify as to the usual price real estate people obtained for building on account of a client, and because an objection was sustained to the following question put to Mr. Stoepel:

"Do you know whether plaintiffs spent any money to advertise your property?"

Counsel say as to these questions:

"The existence of an express contract being admitted, the only thing in dispute was, What was the commission provided for in the contract? The value of the services rendered was admissible as tending to show whether the contention of the plaintiffs or defendant was the more probable, or, in other words, to show what was the contract the parties actually made."

One trouble with this contention is that the arrangement about putting up the buildings was made after the express contract was made, and the parties are all agreed that the buildings were to be erected at cost by the plaintiffs who were building contractors as well as dealers in real estate. Counsel also say:

"The plaintiffs had the right (1) to join a special count on contract with the *quantum meruit*, and, having so declared, they had the right, under the *quantum meruit*, to show the value of their services, and (2) elect on which count they would proceed."

An answer to this argument is, the plaintiffs made no such election. It was their claim in the court below, as it is here, that there was an express contract. Both parties were agreed as to that, but they were not agreed as to its terms. That question was left to the jury under a fair charge, and the jury found against the contention of the plaintiffs.

Judgment is affirmed.

STEERE, MCALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.